STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JULIUS GREGORY, PLAINTIFF IN ERROR.

Submitted October 13, 1928—Decided March 7, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the plaintiff in error, *Robert Newton Crane.*.

For the defendant in error, *Abe J. David,* prosecutor of the pleas, and *Walter C. Tenney,* assistant prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was convicted of manslaughter in the Union County Quarter Sessions Court, and after sentence, he sued out this writ of error.

At the trial the testimony of witnesses for the state tended to show that the defendant drove his automobile, in which the decedent was sitting with him, through South avenue in the city of Plainfield at five P. M. on March 14th, 1928; that he was going very fast, some witnesses saying fifty miles an hour and others that he was going thirty miles an hour faster than other cars going in the same direction; that as he approached the corner of Berckman street, an intersecting street, and applied the brake, the car swerved, upset and rolled over twice, causing the death of the other occupant of the car who was hurled out against a fire plug.

Plaintiff in error argues that the trial judge erred in refusing to direct a verdict of acquittal at the close of the state's case, upon the ground that there was no evidence of gross negligence. But we think that the question whether or not death resulted from gross negligence was properly submitted to the jury.

It is next argued that the judgment should be reversed because the trial judge overruled a question put by defendant's counsel to a witness produced by him as follows: "Do you know what his (defendant's) reputation is in the city of Plainfield for being a careful automobile driver?" Certainly in the circumstances the exclusion of that question was not prejudicial to the defendant, for the court recognized the right of the defendant to prove his reputation as a peaceable, orderly and law-abiding citizen and permitted him to do so. Questions as to defendant's reputation as a peaceable, orderly and law-abiding citizen were twice put to the witness by defendant's counsel and were twice answered that it was "very good," and this we think in effect was a sufficient answer to the excluded question.

It is next argued that the court below erred in refusing to direct a verdict of acquittal at the close of the entire case, for the reason indicated in the like motion at the end of the

state's case. We think it quite plain that the motion was properly denied.

Lastly, it is argued that the verdict is against the weight of the evidence. To this it is a sufficient answer to say that the contention is without merit in our opinion.

The judgment will be affirmed.